UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA LEE COOPER,

                    Plaintiff,

      v.                          Case No. 13-11883

COMMISSIONER OF SOCIAL      HON. TERRENCE G. BERG
SECURITY,                    HON. PATRICIA T. MORRIS
                    Defendant.

_____/

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation of June 17, 2014 (Dkt. 11), recommending that Defendant's motion for summary judgment (Dkt. 9) be granted and that Plaintiff's motion for summary judgment (Dkt. 8) be denied.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). Plaintiff filed timely objections (Dkt. 12) to the Report and Recommendation; Defendant did not file any objections or a response to Plaintiff's objections. A district court must conduct a de novo review of the parts of a Report and Recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has reviewed Magistrate Judge Morris's Report and Recommendation, and Plaintiff's objections. For the reasons set forth below, the objections are OVERRULED and the Report and Recommendation is ACCEPTED and ADOPTED as the opinion of the Court. Therefore, Defendant's motion for summary judgment (Dkt. 9) is GRANTED and Plaintiff's motion for summary judgment (Dkt. 8) is DENIED.

## I.   ANALYSIS

### A.   The Social Security Act.

The Social Security Act "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if she cannot, in light of her age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id.* § 404.1520(a)(4)(ii). Claimants with

impairments of insufficient duration are not disabled. *See id*. Those with impairments that have lasted or will last at least twelve months proceed to step three.

At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id*. § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id*. § 404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.

In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id*. § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id*. § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id*. § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id*.; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner

3

is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g). If the Appeals Council denies review, the Administrative Law Judge's (ALJ's) decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

**B.    The ALJ's Decision Was Supported By Substantial Evidence.**

Plaintiff apparently objects to Magistrate Judge Morris's finding that the ALJ's decision was supported by substantial evidence, but does not provide any express, specific objections.[1] (Obj. at 1–10.) The Court will review the "objections" in the order they are made.

### 1.   Objection 1.

First, Plaintiff notes that Magistrate Judge Morris found that this case "presents a close question" and that the "Magistrate" committed a number of errors.[2] (Obj. at 1.) Merely to point out that the Magistrate Judge appropriately commented on the closeness of the question and recognized that the ALJ's decision contained some errors accurately describes the Magistrate Judge's Report and Recommendation, but it does not state an objection.

### 2.   Objection 2.

Second, Plaintiff catalogues a number of deficiencies that Magistrate Judge Morris identified in the ALJ's reasoning and analysis. (Obj. at 2.) Again, Plaintiff accurately summarizes the weaknesses the Report and Recommendation noted in

---

[1] Unfortunately, Plaintiff failed to follow the direction provided at the end of the Report and Recommendation requiring that objections be labeled as "Objection No. 1," "Objection No. 2," and so on, and that each objection "must recite precisely the provision of [the] Report and Recommendation to which it pertains." (Dkt. 11 at 50.) Plaintiff's objections are rather framed as a stream-of-consciousness list of things in the Report and Recommendation she disagrees with, or finds "odd" or hard to understand. This format, that Magistrate Judge Morris wisely directed Plaintiff to avoid, makes it much more difficult to discern exactly what Plaintiff's objections are. To impose some kind of order and seek more clarity, I have separated Plaintiff's list into separate topic areas and numbered them as distinct "objections."

[2] It seems likely that Plaintiff meant to say that Magistrate Judge Morris found that the *ALJ* committed a number of errors, which is something Judge Morris did find (Obj. at 2)—she did not find that she herself committed a number of errors.

the ALJ's reasoning, but Plaintiff applies an incorrect standard in assessing those errors, contending that if any one of the ALJ's errors recognized by Magistrate Judge Morris were corrected, that "could sway any reasonable person to a different conclusion than [the one reached by] the ALJ." (Obj. at 2.) This is not an effective objection because the standard of review here is not whether any reasonable person could be swayed to a different conclusion, but rather whether the ALJ's decision is supported by substantial evidence. *See Bass*, 499 F.3d at 509.

>    3.   *Objection 3.*

Third, Plaintiff notes that Judge Morris "deftly covered" how there are different rules that apply to disability claims involving Fibromyalgia. (Obj. at 2–3.) Plaintiff continues by noting that Judge Morris "admits that the ALJ committed an error 'in evaluating the medical opinions on certain factors to question the severity of Plaintiff's Fibromyalgia'" and that the ALJ was "undu[ly] preoccupy[ied]" with the "scarcity of supporting objective evidence." (Obj. at 3.) Plaintiff then discusses Sixth Circuit cases that address this issue, including *Rogers*, *Preston*, and *Runyon*. (Obj. at 3–4.) Plaintiff's objection then appears to be that Magistrate Judge Morris erred when she affirmed the ALJ's decision despite the ALJ's "undue preoccupation" with the "scarcity of supporting objective evidence."

The objection is overruled. Having conducted a de novo review, this Court concludes that Judge Morris provided a thorough and accurate discussion of the applicable law, including the cases cited by Plaintiff, and accurately concluded that despite the ALJ's errors, the conclusion was nevertheless supported by substantial

evidence. (Dkt. 11 at 27–37, 38–39.) The ALJ recognized Plaintiff's Fibromyalgia as a severe impairment and substantially limited Plaintiff's residual functional capacity because of it. (Tr. 17 – 18; Dkt. 11 at 39.)

### 4. Objection Four.

Fourth, Plaintiff notes that Judge Morris "opined" that "'the ALJ's analysis also relied too heavily on Plaintiff's conservative treatment' and 'the ALJ's analysis was also slightly off-the-mark in finding that Plaintiff's daily activities discredited her complaints of pain.'" (Obj. at 4.) This is an accurate summary but it does not state an objection to the Report and Recommendation. Plaintiff continues by arguing that "the special rules for Fibromyalgia cases seem to suggest that these errors also diminish the ALJ's credibility and support for the decision." (*Id.*) That is not an objection either. Plaintiff then notes some case law (Obj. at 4–5) and points out that Judge Morris "opined . . . that the ALJ's analysis relied too heavily on Plaintiff's conservative treatment and also discredited Plaintiff's complaints of pain due to her ability to perform intermittent activities of daily living." (Obj. at 5.) She then notes that Judge Morris "also [found] that the ALJ 'cast doubt on opinions from physicians who arguably deserve treating-source deference.'" (*Id.*) These statements about the Report and Recommendation do not clearly articulate an objection to the Magistrate Judge's analysis or conclusion.

It is quite clear from the Report and Recommendation that Magistrate Judge Morris found that the ALJ committed a number of errors, but the mere fact that the Magistrate Judge recognized that the ALJ may have made mistakes does not

7

4:13-cv-11883-TGB-PTM   Doc # 13   Filed 09/15/14   Pg 8 of 11   Pg ID 481

require or even permit remand or reversal. *See Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 654 (6th Cir. 2009). Thus, simply pointing out the Magistrate Judge's qualms with the ALJ's decision is not a specific objection that the Magistrate Judge erred. Here, Judge Morris recognized, carefully noted, and fully addressed each of these issues and nevertheless found the ALJ's conclusions supportable (Dkt. 11 at 37–50). This Court agrees.

### 5.  *Objection 5.*

Fifth, Plaintiff notes that the Magistrate Judge "opined" that "'the ALJ gave 'good reasons' for the weight he gave treating sources.'" (Obj. at 6.) This is not, by itself, an objection to the Report and Recommendation. Plaintiff continues by noting her disagreement with Judge Morris's analysis of the "progression of the diagnosis" by Plaintiff's "treating sources." (Obj. at 6.) Judge Morris found the progression of the diagnoses to be questionably quick—i.e., that Doctors Metro and Craig moved rapidly from finding a temporary disability to a permanent one. Plaintiff presents an explanation for why these progression of diagnoses are not problematic (*Id.*) The Court will treat this disagreement as an objection.

The objection is overruled. Having conducted a de novo review, this Court concludes that Judge Morris provided a thorough and accurate discussion of the reasons Doctors Metro's and Craig's opinions were not given controlling weight, and accurately concluded that the ALJ's conclusion is supported by substantial evidence. (Dkt. 11 at 41–44; Tr. 19–21.) The ALJ offered multiple valid reasons for why the opinions of Doctors Metro and Craig were given less than controlling

8

weight. (Tr. 17 – 18; Dkt. 11 at 39.) Thus, regardless of whether Plaintiff's alternative explanation for the rapid progression of diagnoses is rational,[3] the ALJ's decision was still supported by substantial evidence.

6. *Objection 6.*

Plaintiff next argues that "the Magistrate [Judge] inexplicably states that 'the rest of the sources, in contrast, support the ALJ's findings.'" (Obj. at 7.) Plaintiff continues by arguing that Judge Morris incorrectly interprets a letter from Doctor Turner. Plaintiff notes that Judge Morris "states that Dr. Turner's letter suggests that Plaintiff is disabled, but expressed optimism about treatments and her ability to return to work." (*Id.*) Plaintiff then argues that Doctor Turner's letter could not reasonably be interpreted to suggest anything other than that Plaintiff is disabled, contrary to Judge Morris's assertion that the records from Doctor Turner support the ALJ's findings. The Court will treat this as an objection.

The objection is overruled. Having conducted a de novo review, this Court concludes that Judge Morris provided a thorough and accurate discussion of the reasons Doctor Turner's opinions supported the ALJ's conclusion. (Dkt. 11 at 43; Tr. 20, 285.) The ALJ's and Magistrate Judge's reading of Doctor Turner's report[4] was

---

[3] Plaintiff's alternative reading is not supported by citation to evidence in the record, legal authority, or anything else.

[4] Doctor Turner wrote, in part, that Plaintiff "[s]ubjectively . . . has severe disabling pain including headaches, muscle pain[,] and numbness. We are currently in the process of titrating her medications for affect. From a disability standpoint she states that she is unable to perform her work because of the pain complaints. I explained to her that there are treatments available for chronic headaches and fibromyalgia. My goal is to get her back to working full time." (Tr. 285.) Reading the statements of disability as a report of Plaintiff's opinion of her own condition is a reasonable reading.

9

reasonable, and Plaintiff's proposed reading of the report is overly charitable toward her cause. (*Id.*) This is supported by substantial evidence.

### 7.  *Objection 7.*

Plaintiff next points out that the Magistrate Judge "notes that Dr. Reina's opinion only found temporary disability." (Obj. at 8.) This is, of course, not an objection to the Report and Recommendation. Plaintiff asserts that Doctor Reina's opinion supports a finding of permanent disability and thus the Magistrate Judge erred by finding that Doctor Reina's opinion supported the ALJ's decision. The Court will address this as if it were made as an objection.

The objection is overruled. Having conducted a de novo review, this Court concludes that the Magistrate Judge's reading of Doctor Reina's report was reasonable, and Plaintiff's proposed reading of the report is overly charitable toward her cause.[5] (Dkt. 11 at 43; Tr. 29, 258.) This is supported by substantial evidence.

### 8.  *Objection 8.*

Plaintiff next points out that Judge Morris noted "that Dr. Sidhu and Dr. Doshi would not support disability based on fibromyalgia because of lack of documented proof." (Obj. at 8.) This is not entirely accurate. The Report and Recommendation states the Dr. Doshi "noted her fibromyalgia diagnosis," but did not have documented proof to support a "disability" diagnosis, and referred Plaintiff for a second opinion.  (Dkt. 11 at 11; Tr at 221.) It further states that Dr. Sidhu "could

---

[5] Doctor Reina's opinion was "that Ms. Cooper is not able to return to work at this time. If she has not returned to work in four weeks, I recommend that a re-evaluation be performed to further assess her medical condition and work status." (Tr. 258.) Plaintiff's argument that this is a finding of permanent disability is not at all persuasive.

not comment on whether fibromyalgia qualified her for disability." (Dkt. 11 at 13; Tr. at 276.) Plaintiff does not address Magistrate Judge Morris's reasoning, but rather argues with the position taken by Defendant in the briefing. (*Id.*) That is also not an objection. Regardless, neither the Magistrate Judge nor the ALJ were unreasonable in their interpretation of the opinions of Doctors Sidhu and Doshi.

## II.   CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Magistrate Judge Morris's Report and Recommendation of June 17, 2014 (Dkt. 11), is ACCEPTED and ADOPTED.

It is FURTHER ORDERED that Defendant's motion for summary judgment (Dkt. 9) is GRANTED and Plaintiff's motion for summary judgment (Dkt. 8) is DENIED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  September 11, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on September 11, 2014, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
     Case Manager
